FILED

17 JUN 27 AM 9:18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: MXN  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 16-cr-1099-WQH |
|---|---|
| Plaintiff, | **ORDER (1) DENYING REQUEST TO WITHDRAW AS COUNSEL; AND (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |
| v. | |
| COURTLAND M. GETTEL, | |
| Defendant. | |

## I. Introduction

Presently before this Court is a request to withdraw from representation by defense counsel for Courtland M. Gettel ("Defendant"), and a request for appointment of counsel.[1] Counsel has failed to demonstrate that an irreconcilable conflict exists such that withdrawal of counsel should be granted. Furthermore, defendant has failed to establish his financial need for court-appointed counsel. Accordingly, for the reasons set forth in greater detail, below, defendant's request to withdraw from representation is **DENIED** at this time. Additionally, defendant's request for the appointment of counsel is also **DENIED**.

///

---

[1] On April 24, 2017, defense counsel filed a "Memorandum of Law Re: 18 U.S.C. § 3006(A)(f)" in which he seeks to withdraw as counsel. [Doc. No. 96.]

1

## A. Defendant Fails to Provide Sufficient Reasons for Withdrawal of Counsel

The defendant pled guilty on May 19, 2016 to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, related to his involvement in a scheme to defraud private real estate lenders out of tens of millions of dollars. [Doc. Nos. 1, 10.] On April 24, 2017, defense counsel requested to withdraw from representation. [Doc. No. 96]. Counsel asserts, without elaboration, that there is a deterioration of the attorney-client relationship.

In determining whether an irreconcilable conflict exists such that withdrawal of counsel should be granted, this Court must make an adequate inquiry into the alleged conflict. See United States v. McKenna, 327 F.3d 830, 843 (9th Cir. 2003). This requires consideration of the nature and extent of the alleged conflict. Id. Generally, the Ninth Circuit relies on concrete evidence in finding that a breakdown of attorney-client relationship warrants withdrawal by counsel. For example, it has found sufficient conflict where the "client-attorney relationship had been a stormy one with quarrels, bad language, threats, and counter-threats." United States v. Williams, 594 F.2d 1258, 1260 (9th Cir. 1979). See also United States v. Moore, 159 F.3d 1154, 1160 (9th Cir. 1998) (holding that physical threats and threats to sue, coupled with the inability to communicate and dissatisfaction with counsel's handling of a plea bargain, rose to the level of breakdown of attorney-client relationship). It has similarly found an irreconcilable conflict where the attorney "expressly called [the client] a liar on two separate occasions." United States v. Adelzo-Gonzalez, 268 F.3d 772, 779 (9th Cir. 2001).

Granting counsel's request in the absence of specific evidence, thus, would be inconsistent with Ninth Circuit precedent. Counsel herein seeks to withdraw "[f]or reasons including the advocate-witness rule and the deterioration of the attorney-client relationship." [Doc. No. 96.] At a hearing before this Court on April 27, 2017, counsel cited to "reasons [he] had set out in some detail last time we were in court" as justification for granting this request. [Bond Revocation Hearing Tr., at p. 2, Apr. 27, 2017.] Yet, he provided no specific evidence to support his general assertions.

Based on defendant's failure to substantiate the existence of an actual conflict of interest, defendant's request is **DENIED** without prejudice. Consistent with this Order, defendant may file a formal motion to withdraw that clearly delineates the existence of an actual conflict of interest.

### B. Defendant Has Failed to Establish Financial Need for Court-Appointed Counsel

Defendant further seeks the appointment of counsel. [Doc. No. 96, at p. 2; Bond Revocation Hearing Tr., at pp. 1-2, Apr. 27, 2017.] Under 18 U.S.C. § 3006(A), the Criminal Justice Act ("CJA"), each District Court must implement a plan for providing counsel to defendants who are financially unable to obtain representation. See 18 U.S.C. § 3006(A). The Local Rules of Practice for the United States District Court for the Southern District of California mandate that appointment of counsel must be in accordance with the plan this Court adopted pursuant to the CJA. CrimLR 44.1(a). Specifically, this Court's Revised Plan for Implementing the CJA provides:

> Whenever the party states that he is financially unable to obtain counsel and desires the appointment of counsel, if the case is then pending before a magistrate judge, it shall be the duty of the magistrate judge to inquire into and to make a finding as to whether the defendant is financially able to obtain counsel. . . . All statements made by a defendant in such an inquiry shall be either (a) by affidavit sworn to before a district judge or magistrate judge, or (b) under oath in open court before a magistrate judge or a district judge.

General Order 499 (June 25, 2001).

In determining whether a defendant's financial status justifies the appointment of counsel, this Court may exercise its discretion. See Judicial Council of the Ninth Circuit Criminal Justice Act Policies and Procedures (Oct. 20, 2016) (citing 18 U.S.C. § 3006A(c)) (noting that district courts have the discretion "to authorize appointment and payment for an attorney retained by a person who later becomes financially unable to pay for representation"). The burden of proof, however, lies with the defendant to establish that there is a financial need for court-appointed counsel, and it is within this Court's discretion

3

to deny defendant's request until this burden is satisfied. See United States v. Ellsworth, 547 F.2d 1096 (9th Cir. 1976), *cert. denied*, 431 U.S. 931 (1977) (defendant was not impermissibly denied counsel where he failed to complete a financial affidavit form). See also United States v. Andrews, 2017 WL 24636, at *1 (9th Cir. Jan. 3, 2017) (defendant who did not submit a financial affidavit or any other proof of indigent status failed to prove the requisite financial need for court-appointed counsel, despite claims by defendant that he had "exhausted all of his funds"); United States v. Kaufman, 452 F.2d 1202, 1202 (4th Cir. 1971) (refusal to execute an affidavit to establish indigence justifies denial of court-appointed counsel).

Here, defendant neither submitted a financial affidavit nor made a statement in Court under oath delineating his financial inability to pay for counsel, and has thereby failed to satisfy this burden. Defense counsel asserts that the completion of a financial affidavit by the defendant "may have some effect on his Fifth Amendment rights." [Bond Revocation Hearing Tr., at pp. 1-2, Apr. 27, 2017.] While defendant has entered a guilty plea to the underlying charges of conspiracy to commit wire fraud on May 19, 2016 [Doc. No. 10], there are additional allegations that defendant continued to commit financial fraud while on supervised release. These include, *inter alia*, "allegations (supported by documentary evidence) that defendant secretly owned a bank account with tens of thousands of dollars that he kept hidden from the Court and the United States, omitted from his financial declaration, and diverted from the outstanding $33 million forfeiture order." [Doc. No. 97, p. 2.]

The Court recognizes the potential for self-incrimination in this case. While the Ninth Circuit "has not specifically set forth the procedures for conducting an inquiry into a defendant's ability to retain counsel without infringing upon the defendant's Fifth Amendment privilege," it *has* approved alternative proceedings in cases where a financial affidavit was material to the charges. United States v. Hickey, 997 F. Supp. 1206, 1210 (N.D. Cal. 1998). See e.g., Ellsworth, 547 F.2d at 1098 (the Ninth Circuit approved of a district court's offer of an *in camera* review of defendant's financial statement, to be sealed

after review); see also United States v. Hyde, 208 F. Supp. 2d 1052, 1058 (N.D. Cal. 2002) (district court granted defendant's Motion to Keep Financial Affidavit Under Seal when the information contained in the affidavit may have been incriminating). No such requests have been proffered to the Court by the defense.

Defendant further suggests that a statement made under oath whereby he swears "that he currently has no assets" will be sufficient. [Bond Revocation Hearing Tr., at p. 2, Apr. 27, 2017.] However, a conclusory statement of indigence is not enough to compel this Court to appoint counsel. United States v. Schmitz, 525 F.2d 793, 795 (9th Cir. 1975) (defendant's "conclusory affidavit of poverty" and a potential Fifth Amendment claim did not satisfy defendant's burden of proof). Nor is it consistent with the law in the Ninth Circuit and Local Rules of this Court.

## II. Conclusion

Accordingly, defendant's request for appointment of counsel under the CJA is **DENIED**. Defense counsel's request to withdraw as counsel of record is also **DENIED**. It is further **ORDERED** as follows:

1. Defense counsel may file a motion to withdraw as counsel of record, consistent with this Order, on or before **July 7, 2017**.
2. The defendant may proffer proof of indigency in accordance with the CJA and this Order on or before **July 7, 2017**.

**IT IS SO ORDERED.**

Dated: June 26, 2017

Hon. Karen S. Crawford
United States Magistrate Judge