UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>v.<br>COURTLAND GETTEL,<br><br>                          Defendant. | Case No.: 16CR1099 WQH<br><br>**ORDER** |

HAYES, Judge,

    The matter before the Court is the motion for an order granting compassionate release (ECF No. 193) filed by the Defendant.

**FACTS**

    On January 12, 2018, Judgment was entered committing Defendant to the custody of the Bureau of Prisons for 135 months of imprisonment and three years of supervised release for wire fraud conspiracy in violation of 21 U.S.C. § 1349. The Judgment imposed restitution in the amount of $43,832,901.00 to ten victims of the fraudulent scheme. Defendant has served approximately 39 months of his sentence and his estimated release date is November 23, 2026.

    On June 22, 2020, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court order a reduction in his sentence to time served.

1

Defendant asserts that the COVID-19 outbreak presents an extraordinary and compelling circumstance warranting his compassionate release in light of his health conditions. Defendant further asserts that his family circumstances constitute compelling and extraordinary reasons for his immediate release to assist in the care of his son during the child's mother's working hours. Defendant asserts that the reduction of his sentence to time served would not diminish the seriousness of his offense or place the public in danger.

Plaintiff United States contends that Defendant has failed to present any extraordinary and compelling reasons warranting a sentence reduction. Plaintiff United States asserts that Defendant has failed to present any medical evidence to support reducing his sentence and that conditions of confinement at FCI, La Tuna do not support Defendant's release from custody. Plaintiff United States further asserts that §3553(a) factors weigh strongly against Defendant's release based upon the seriousness of his offense and his leadership role in an extensive scheme to defraud.

## RULING OF THE COURT

18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the

> defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life

---

[1] Plaintiff United States agrees that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

   expectancy (i.e., a probability of death within a specific time period) is not
   required. Examples include metastatic solid-tumor cancer, amyotrophic
   lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
   (ii) The defendant is--
   (I) suffering from a serious physical or medical condition,
   (II) suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of the aging
   process that substantially diminishes the ability of the defendant to provide
   self-care within the environment of a correctional facility and from which he
   or she is not expected to recover.

Application Note 1 § 1B1.13. The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons. This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission. However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

  In this case, Defendant was sentenced to 135 months in the custody of the Bureau of Prisons after entering a plea of guilty to a fraudulent scheme which resulted in loss of more than 60 million dollars to a wide range of victims. Defendant admitted that the purpose of "the conspiracy was to fraudulently obtain tens of millions of dollars from private real estate lenders by pretending that properties used as collateral were debt-free, when in fact the properties were already encumbered with millions of dollars in higher-priority claims, so that the conspirators could use the tens of millions of dollars in loan proceeds for their own personal use and benefit." ECF No. 11 at 3. Defendant admitted that he "was the leader and organizer of the conspiracy, which involved at least five participants, … exercise[ing] decision-making authority, recruit[ing] accomplices and claim[ing] the right to a larger share of the resulting profits." ECF No. 10 at 3-4. While on pretrial release,

Defendant continued to engage in fraudulent real estate loans until he was finally taken into custody.

Applying the factors under 18 U.S.C. § 3553(a), the Court concluded that Defendant's participation in this serious offense supported the imposition of the 135 months sentence. The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.

Defendant's medical conditions have been addressed by the Bureau of Prisons and do not demonstrate "extraordinary and compelling reasons" for his release. 18 U.S.C. § 3582(c)(1)(A)(i). The facts presented in this record show Bureau of Prisons has modified operational plans to address the risk of COVID-19 transmission and that there are currently no reports of COVID-19 cases at the facility in which Defendant is currently housed. Defendant has failed to demonstrate factors set forth in 18 U.S.C. § 3553(a) that would support a reduction in the sentence imposed taking into account the seriousness of his offenses and the leadership role of the Defendant in a long term scheme to defraud others of tens of millions of dollars.

IT IS HEREBY ORDERED that the motion for an order granting compassionate release (ECF No. 193) is denied.

Dated: August 6, 2020

Hon. William Q. Hayes
United States District Court